UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEST VALUE AUTO PARTS
DISTRIBUTORS, INC.,

          Plaintiff,          Case Number 19-12291
v.                                      Honorable David M. Lawson

QUALITY COLLISION PARTS, INC.,
NATHIR HERMEZ, and JOSE OJEDA,

          Defendants.
_____/

## ORDER DENYING QUALITY COLLISION'S MOTION TO SEAL AND GRANTING BEST VALUE'S MOTION TO SEAL

This matter is before the Court on two motions to seal, one filed by defendant Quality Collision Parts, the other filed by plaintiff Best Value. Quality Collision seeks to seal various exhibits it believed the plaintiff would attach to its response in opposition to defendant Ojeda's motion for summary judgment. Best Value seeks to file under seal its unredacted response in opposition to defendant Jose Ojeda's motion for summary judgment and certain exhibits to protect confidential trade secrets. The plaintiff has analyzed in detail the propriety of sealing the documents is seeks to keep from the public record, but the defendant has offered only generalizations, which are insufficient to justify sealing the documents. The plaintiff's motion will be granted but the defendant's motion will be denied.

As previously explained by the Court, parties desiring to file court papers under seal face a formidable task in overcoming the presumption that court filings are open to public inspection. *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825

F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983)). "[T]he public is entitled to assess for itself the merits of judicial decisions," and, thus, "'[t]he public has an interest in ascertaining what evidence and records the District Court [has] relied upon in reaching [its] decisions.'" *Ibid*. (quoting *Brown*, 710 F.2d at 1181).

"The courts have long recognized . . . a 'strong presumption in favor of openness' as to court records," and the "burden of overcoming that presumption is borne by the party that seeks to seal them." *Shane Group*, 825 F.3d at 305 (citing *Brown*, 710 F.2d at 1179; *In re Cendant Corp*., 260 F.3d 183, 194 (3d Cir. 2001)). "The burden is a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Ibid*. (quoting *Knoxville News*, 723 F.2d at 476). And, "even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Ibid*. (citing *Press-Enterprise Co. v. Super. Ct. of Cal*., 464 U.S. 501, 509-11 (1984)). "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id*. at 305-06 (quoting *Baxter Int'l, Inc. v. Abbott Labs*., 297 F.3d 544, 548 (7th Cir. 2002)). The "district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public' . . . even if neither party objects to the motion to seal." *Id*. at 306 (quoting *Brown*, 710 F.2d at 1176). This latter obligation begins, however, with the parties, who must furnish those good reasons to the Court initially when making their sealing request.

Quality Collision seeks to seal the (1) earnings report, (2) employee earnings reports, (3) declaration of Jeffrey Bagalis, (4) phone records of Nathir or Kanaan Hermez, and (4) any portions of any filings or briefs discussing matter that has been designated as attorneys eyes only and

confidential. Aside from explaining that the materials are subject to the parties' stipulated protective order, however, the defendant did not "'analyze in detail, document by document, the propriety of secrecy'" with supporting argument and legal citations. *Shane Group*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc*., 297 F.3d at 548). And the stipulated protective order upon which the defendant relies expressly provides that it "does not authorize the filing of any documents under seal" and instructs parties seeking to file documents under seal to file a motion setting forth the authority and reason to seal each item. Stip. Protective Order, ECF No. 13, PageID.124.

Best Value seeks to seal (1) a November 2018 email from Nasir Qureshi to Jose Ojeda with an attached customer list, (2) the declaration of Jeffrey Bagalis, (3) unredacted excerpts of Volume 2 of Jose Ojeda's deposition transcript, and (4) the plaintiff's unredacted response to Ojeda's motion for summary judgment. The plaintiff already filed a redacted copy of its response brief.

Best Value explained that the November 2018 email contains an attached document, the "GR" list, which includes customer information sent by the plaintiff's IT director to defendant Ojeda two months before he resigned. The declaration of Jeffrey Bagalis discusses confidential portions of the first volume of Ojeda's deposition transcript and the deposition of Best Value's corporate representative, both of which have already been sealed per the Court's order. Pages 226 through 239 of the second volume of Ojeda's deposition transcript discuss details about Best Value's customers. And the response brief references these materials throughout. The Court is satisfied that the relief requested is sufficiently detailed and narrow and that the November 2018 email, declaration of Jeffrey Bagalis, excerpts of Volume 2 of Ojeda's deposition, and the plaintiff's unredacted response brief discuss trade secrets, which may be protected from public examination on the docket. See *Brown*, 710 F.2d at 1181 ("a court should not seal records unless

public access would reveal legitimate trade secrets, a recognized exception to the right of public access to judicial records.").

Accordingly, it is **ORDERED** that Quality Collision's motion to seal (ECF No. 81) is **DENIED**.

It is further **ORDERED** that Best Value's motion to seal (ECF No. 82) is **GRANTED**.

It is further **ORDERED** that the parties may file redacted briefs discussing items authorized to be sealed by this order as well as the previous orders entered on July 17, 2020 and October 7, 2020 (ECF No. 55, 72).

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   November 24, 2020