UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEST VALUE AUTO PARTS
DISTRIBUTORS, INC.,

    Plaintiff,

v.

QUALITY COLLISION PARTS, INC.,
NATHIR HERMIZ, and JOSE OJEDA,

    Defendants.

                                                            /

No. 19-12291

District Judge David M. Lawson
Magistrate Judge R. Steven Whalen

## ORDER

For the reasons and under the terms stated on the record on December 15, 2020, Plaintiff's Motion and Amended Motion for Sanctions for Failure to Produce Financial Data [ECF No. 89 and ECF No. 90] are GRANTED IN PART AND DENIED IN PART. The motions are GRANTED to the extent that the Court orders a forensic examination of Defendant's COBOL computer program and files, as follows:

(1) Defendant will have five days from the date of this Order to file with the Court any written objections to Plaintiff's expert, R. Stott Matthews of Spectrum Computer Forensics and Risk Management, LLC, conducting the forensic examination.

(2) If Defendant has no such objections, or if the Court overrules Defendant's objections, then the Court will appoint the expert to carry out the examination as an officer of the Court. *See Simon Prop. Grp. L.P. v. mySimon, Inc.*, 194 F.R.D. 639, 641 (S.D. Ind. 2000). After the expert has been so appointed, all communications between the expert and Plaintiff's counsel shall take place either in the presence of Defendant's counsel or through written or electronic communication with a copy to Defendant's

counsel.

(3) The Defendant will provide the following information to the expert:

(i) Make and model of the computer running the Cobol program.

(ii) If it is a "custom" box, the size of the drive or array I use that runs the computer.

(iii) Approximate age of the computer running the Cobol program.

(iv) The operating system of the computer.

(v) The name of the Cobol application.

(vi) An administrative account, username, and password that is used to access the computer.

(vii) How the computer is accessed, i.e., strictly remotely or directly via a keyboard and monitor.

(viii) The name and contact information of the person, vendor or in-house, who manages the computer.

(ix) The existence, location, and type of backups that may exist for the computer.

(4) The expert will then image the computer and extract any Customer Sales Information, including invoices, for the years 2015-2017. If possible and feasible, the expert will report this information on an Excel spreadsheet on a monthly basis. Likewise, if possible and feasible, the expert will seek to generate the 2018-2019 Customer Sales Information (which Defendant has produced in aggregate form) on a monthly basis. If no such information for the years 2015-2017 is found, the expert will report this to both Defendant's and Plaintiff's counsel.

(5) As to any information that is found for the years 2015-2017, the expert will submit that information to Defendant's counsel, with a copy to the Court in camera (i.e.,

not to be publically filed). The expert shall not disclose the contents of any files or documents to plaintiff or its counsel or other persons. Because the expert will serve as an officer of the court, disclosure of a communication to the expert shall not be deemed a waiver of the attorney-client privilege or any other privilege.

Defendant's counsel will, within seven days of receipt of the material, produce to Plaintiff's counsel any and all information that is responsive and to which there are no objections based on relevance or privilege. Defendant shall, no later than seven days from the receipt of the information, serve on Plaintiff's counsel, with a copy to the Court, written objections as to any of the information that is withheld.

(6) The cost of this forensic examination will be borne by both Plaintiff and Defendant, on a 50-50 basis.

(7) At the end of this litigation, the expert shall then destroy the computer image and information contain therein, and confirm such destruction to the satisfaction of Defendant.

Plaintiff's request for monetary sanctions is DENIED.

IT IS SO ORDERED.

                                                          s/R. Steven Whalen
                                                          R. Steven Whalen
                                                          United States Magistrate Judge

Dated: December 15, 2020

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on December 15, 2020 electronically and/or by U.S. mail.

                                                          s/Carolyn M. Ciesla
                                                          Case Manager