UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEST VALUE AUTO PARTS
DISTRIBUTORS, INC.,

    Plaintiff,      No. 19-12291

v.      District Judge David M. Lawson
     Magistrate Judge R. Steven Whalen

QUALITY COLLISION PARTS, INC.,
NATHIR HERMIZ, and JOSE OJEDA,

    Defendants.
_____/

**OPINION AND ORDER**

Before the Court is Plaintiff's motion for spoliation sanctions against Defendant Jose Ojeda [ECF No. 88]. For the reasons and under the terms discussed below, the motion will be DENIED IN PART AND GRANTED IN PART.

## I.    FACTS

Plaintiff Best Value Auto Parts Distributors, LLC ("Best Value") alleges that Defendant Ojeda, whom it employed for many years, misappropriated trade secrets, working in collusion with a competitor, Defendant Quality Collision Parts, Inc. ("Quality") and Nathir Hermiz. In discovery, Best Value sought email communications between Ojeda, Quality, and Hermiz. Relevant to the present motion are emails from 2017 and 2018 that may have been stored on Ojeda's iPhone 6, which he started using in late 2017. However, in May of 2019, Ojeda found that his iPhone 6 would not hold a charge. On Father's Day of 2019 (June), his daughters gave him a iPhone 7 as a gift.

On April 23, 2019, Plaintiff sent Ojeda an evidence preservation letter. Between that time and June of 2019, Plaintiff was still having problems with his iPhone 6 not

keeping a charge. On July 26, 2020, I entered an order granting Plaintiff's motion to compel discovery as follows:

> "Defendant Ojeda will search all electronic storage media and databases available to him, including email, and produce any responsive documents located therein within 14 days of the date of this Order. If no responsive documents are found, Defendant Ojeda will produce a statement under oath to that effect. In either case, whether documents are located or not, Defendant Ojeda will also produce a statement indicating what storage media and/or databases were searched." ECF No. 52, PageID.863.

In response to this order, Ojeda submitted a declaration stating that he appeared at his attorney's office and searched his personal iPhone, his family's laptop, and his email account. He stated that those were "all the electronic storage media and databases available" to him, with the following relevant exception:

> "my old iPhone 6, which was the phone that I had immediately before my current phone. The old iPhone does not charge and will not hold a charge (which is why I had to get a new iPhone). Since it cannot charge or hold a charge, I am not able to turn it on and conduct a search." *Plaintiff's Exhibit F*, ECF No. 88-6, PageID.3276.

Ojeda stated that he could not recall the password to open the phone. However, his attorney gave the phone to Plaintiff's forensic expert to see if he could access it. The expert, Stott Matthews, confirmed that when he received the phone, it "was not charged and could not function." *Plaintiff's Exhibit H*, ECF No 88-7, PageID.3279. He said that he "was never able to make the Phone function for more than a brief period," and "when the Phone did function, a passcode was required to make the Phone's data accessible." *Id*., PageID.3279-3280. He stated that he could not identify an alternative method to retrieve the data in the absence of the passcode. *Id*.

To this day, Ojeda cannot remember the passcode for his iPhone 6.

## II. LEGAL PRINCIPLES

Fed.R.Civ.P. 37(e) provides as follows regarding sanctions for the spoliation of electronically stored evidence:

> **(e) Failure to Preserve Electronically Stored Information**. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> (A) presume that the lost information was unfavorable to the party;
>
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>
> (C) dismiss the action or enter a default judgment.

## III. DISCUSSION

The first question under Rule 37(e) is whether a party has a duty to preserve electronically stored information "in the anticipation or conduct of litigation." Here, Ojeda was sent an evidence preservation letter on April 23, 2019, so as of that date he was on notice of his duty to preserve the information.

The next question is whether the information on Ojeda's iPhone 6 was lost because he "failed to take reasonable steps to preserve it." This is a trickier question. He got his new iPhone 7 about two months later, in June of 2019, and presumably used that phone going forward to the discovery order in July of 2020. His statement that he did not recall the old password more than a year later in July of 2020 is credible. However, he did not receive the new iPhone until about two months after the preservation letter. And when he got the preservation letter, he knew that he was having problems with the iPhone 6. At

that point, it might be considered reasonable for him to have either transferred his emails to an external storage medium (assuming he could get the phone to function long enough), or to at least write down the password. Of course, to do the latter would have required him to anticipate that no one, not even a computer expert, would be able to extract data without the password.

So, on the one hand, Ojeda did preserve the device itself on which the emails were stored, but did not "preserve" the passcode necessary to unlock that device. As discussed below, I do not find that Ojeda intentionally blocked access to relevant discovery, but on balance, I do find that he did not take reasonable steps to preserve the data. And based on Matthews' declaration, I find that the data cannot be restored.

The Defendant is asking for sanctions under Rule 37(e)(2), specifically a mandatory adverse inference instruction, or in the alternative a permissive adverse inference instruction.

Prior to the 2015 amendments to Rule 37, an adverse inference instruction could be ordered if the party seeking sanctions established "that the records were destroyed with a culpable state of mind." *Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010). Now, however, to impose such severe sanctions under Rule 37(e)(2), it must be shown that the offending party had the specific intent to deprive the opposing party of the information. "A showing of negligence or even gross negligence will not do the trick." *Applebaum v. Target Corp.*, 831 F.3d 740, 745 (6th Cir. 2016). As the 2015 Advisory Committee Notes to Rule 37 explain:

> "[A] party's intentional loss or destruction of evidence to prevent its use in litigation gives rise to a reasonable inference that the evidence was unfavorable to the party responsible for loss or destruction of the evidence. Negligent or even grossly negligent behavior does not logically support that inference. Information lost through negligence may have been favorable to either party, including the party that lost it, and inferring that it was

unfavorable to that party may tip the balance at trial in ways the lost information never would have."

Whether or not Ojeda was negligent in failing to write down his passcode or to take other steps to preserve accessibility to the data on his damaged iPhone 6, it is a stretch to posit that he intentionally put the data beyond the Plaintiff's reach. After all, he did keep the phone itself and make it available to the Defendant. Ultimately it took a forensic expert to determine that the data could not be retrieved absent the passcode. Certainly Ojeda could not have not have known that when he turned the phone over to the defense for examination.

Similarly to the present case, a defendant in *DriveTime Car Sales Co., LLC v. Pettigrew*, 2019 WL 1746730 (S.D. Ohio Apr. 18, 2019), was unable to produce text messages because he had obtained a new cell phone but had not preserved the contents of his old phone, despite the fact that he had received a preservation letter from the plaintiff's counsel. Rejecting the plaintiff's request for an adverse inference instruction under Rule 37(e)(2), the Court stated:

> "Although Bruce Pauley failed to take reasonable steps to preserve the text messages when he switched to a different phone... there is no evidence that he did so intentionally beyond DriveTime's speculation. This is not sufficient to impose a mandatory adverse inference under Rule 37(e)(2)."
> *Id*. at *4.

Likewise in this case, Plaintiff has not shown beyond speculation that Ojeda intentionally failed to preserve electronically stored evidence. Therefore, there will be no adverse inference instruction or other sanction under Rule 37(e)(2).

That leaves us with the question of lesser sanctions under Rule 37(e)(1). To impose sanctions under that Rule, it must be shown that (1) the evidence ought to have been preserved; (2) the party failed to take reasonable steps to preserve the evidence, and it cannot be restored; and (3) the requesting party is prejudiced. The Plaintiff has

established (1) and (2). As to (3), the Plaintiff has been prejudiced by the loss of relevant evidence. However, the prejudice is minimized by the accessibility of some emails from Quality and Hermiz. Nevertheless, Plaintiff has satisfied Rule 37(e)(1), which provides that "upon finding prejudice to another party from loss of the information, [the court] may order measures no greater than necessary to cure the prejudice." The Advisory Committee Notes to Rule 37(e)(1) state that available sanctions are addressed to the Court's discretion so long as they are "no greater than necessary to cure the prejudice" and "do not have the effect of measures that are permitted under subdivision (e)(2)." Among the examples of remedies in the Committee notes is "permitting the parties to present evidence and argument to the jury regarding the loss of information." *Id*.

This was the remedy ordered in *DriveTime Car Sales Co.*:

"In this case, the Court finds it appropriate to order that DriveTime will be permitted to introduce evidence at trial, if it wishes, of the litigation hold letter and Pauley Motor's subsequent failure to preserve the text messages. DriveTime may argue for whatever inference it hopes the jury will draw. Pauley Motor may present its own admissible evidence and argue to the jury that they should not draw any inference from Pauley Motor's conduct."

I find that the same remedy is appropriate in this case. Let the jury decide.

### IV.   CONCLUSION

Plaintiff's motion for sanctions [ECF No. 88] is GRANTED only to the extent that as a remedy under Fed.R.Civ.P. 37(e)(1), Plaintiff may introduce evidence at trial of the evidence preservation letter to Ojeda and Ojeda's failure to preserve the accessibility of the text messages to and from Quality and Hermiz, and may argue for whatever inference it hopes the jury will draw. Ojeda may also present his own admissible evidence and argue that the jurors should not draw any inference from his conduct.

In all other respects, including Plaintiff's request for sanctions under Fed.R.Civ.P. 37(e)(2), the motion is DENIED.

IT IS SO ORDERED.

Dated: May 31, 2021

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 31, 2021, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Hon. R. Steven Whalen