# EXHIBIT A

Mediator's Proposed Resolution

The parties to the pending litigation, Case No. 19-12291 pending in the United States District Court for the Eastern District of Michigan, Southern Division agree to resolve all issues between them on the following terms:

1. The Defendants agree to pay Plaintiff the sum of ████████████████ ████████████ as follows: ████████████████████ on or before August 2, 2023 with the balance of ████████████████████████████ in payable in equal installments of ████████████████████████ per month commencing on September 1, 2023 and continuing until June 1, 2025 with a final payment of ████████████████ paid on July 1, 2025. Payments will be made through Plaintiff's attorney.

2. The parties will execute mutual releases covering any and all potential claims and claims they may currently have against one another, their agents, representatives, officers and employees, but excluding the parties' obligations under this Agreement.

3. The parties will authorize their attorneys to prepare, execute and submit to the Court a Stipulation and Order for Dismissal of the Complaint with prejudice and without costs to either party upon the performance of the parties' obligations under this Agreement as described above. The Court will maintain jurisdiction over this matter for purposes of enforcing this Agreement. The parties will execute the documentation necessary to effectuate the terms of this Agreement. The release shall not include Defendant Jose Ojeda and Plaintiff shall reserve the right to either proceed to trial against him or to settle or otherwise dispose of the claims against him.

4. The parties may choose to craft a more formal document or documents to evidence this Agreement, the terms of which will not be inconsistent with this Agreement

1756958_1

without the written consent of all parties. Notwithstanding the possibility of the creation of a different document, this is a complete and entire agreement and not simply an agreement to make an agreement. It is enforceable as here written.

5. The parties are responsible for their own attorneys' fees and costs, and Plaintiff and Defendant shall each promptly pay one-half of the mediation fees.

6. This Agreement may be executed in multiple counterparts which the parties will exchange by fax or e-mail.

Plaintiff Best Value Auto Parts Distributors, Inc' Response: __X__ yes; _____ no

By: *[signature]* MOHAMMAD ANJUM
Its: President

Defendants Quality Collision Parts, Inc. and Nathir Hermez's Response: _____ yes; _____ no

_____
By: Nathir Hermez, individually and on behalf of
Quality Collision Parts, Inc.

The mediator will disclose a "yes" response only if both sides respond "yes". If one party responds "no" the only information disclosed by the mediator will be that the matter has not settled.

1756958_1

without the written consent of all parties. Notwithstanding the possibility of the creation of a different document, this is a complete and entire agreement and not simply an agreement to make an agreement. It is enforceable as here written.

5.  The parties are responsible for their own attorneys' fees and costs, and Plaintiff and Defendant shall each promptly pay one-half of the mediation fees.

6.  This Agreement may be executed in multiple counterparts which the parties will exchange by fax or e-mail.

Plaintiff Best Value Auto Parts Distributors, Inc' Response: _____ yes; _____ no

By: _____
Its: _____

Defendants Quality Collision Parts, Inc. and Nathir Hermez's Response: \_\_X\_\_ yes; \_\_\_\_\_ no

By: Nathir Hermez, individually and on behalf of
Quality Collision Parts, Inc.

The mediator will disclose a "yes" response only if both sides respond "yes". If one party responds "no" the only information disclosed by the mediator will be that the matter has not settled.

1756958_1